IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**v.**

**ROBERT TODD MCKINNEY,**
**BELINDA CHERI MCKINNEY,**
**JOHN QUINN MCKINNEY,**
**and CHAMELTHELE MCKINNEY,**
**Defendants.**                                                            No. 11 - CR - 30029 DRH

## ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on two motions to continue the jury trial currently set for May 9, 2011 (Docs. 34 & 38). Defendant John Quinn McKinney's motion states that his counsel needs additional time because he was appointed recently, on March 17 (Doc. 31), and he anticipates that pretrial discovery will be extensive and complex. Therefore he needs additional time to review discovery and prepare for trial, as well as possibly file pretrial motions. Lastly, counsel suggests he might need time to conduct pretrial discussions with the Government. Defendant Belinda Cheri McKinney's motion states that the Government has sent a voluminous amount of discovery material and it will take substantial time to review all of it. The motion also states that neither the other codefendants in this case nor the Government would object to a continuance. The Court being fully advised in the

premises finds that defendants' counsel need additional time.

Refusing to grant a continuance in this matter would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). In addition, the law allows every defendant facing criminal charges the right to a trial by jury or to plead to those charges. If the Court were to deny a continuance despite possible plea negotiations, this could severely impact the outcome of the discussions, which would likely result in a miscarriage of justice. *See* § 3161(h)(7)(B)(i). The Court therefore finds that pursuant to § 3161(h)(7)(A), the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendants in a speedy trial.

Accordingly, the Court **GRANTS** defendants' motions to continue (Docs. 34 & 38). The Court hereby **CONTINUES** the jury trial scheduled for May 9, 2011, to **Monday, July 5, 2011, at 9:00 a.m.** The time from the date the first motion to continue was filed, March 26, 2011, until the date the trial is rescheduled, July 5, 2011, is excludable time for the purposes of speedy trial. Further, this continuance of trial also applies to all remaining nonmoving, nonsevered defendants in this case. *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) ("'[U]nder § 3161(h)(7), the excludable delay of one defendant may be ascribed to all codefendants in the same case, absent severance.'") (quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir.1991), *cert. denied*, 502 U.S. 1102 (1992)).

Lastly, should any party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 4th day of April, 2011.

Digitally signed by David R. Herndon
Date: 2011.04.04 10:44:04 -05'00'

**Chief Judge
United States District Court**